# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN C. GALLANT, and <br> JENNIFER K. GALLANT <br><br> *Plaintiffs,* <br><br> vs. <br><br><br> GREEN TREE SERVICING, LLC, <br> and FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION <br><br> *Defendants*. | CA NO. <br><br> CIVIL COMPLAINT <br><br> JURY DEMANDED |

## INTRODUCTION

1. This complaint seeks a declaratory judgment that Defendants Green Tree Servicing, LLC ("Green Tree") and Federal National Mortgage Association ("FNMA") are proceeding with a non-judicial foreclosure in violation of R.I.G.L. § 34-27-3.2 by failing to provide Plaintiffs' proper notice of their rights pursuant to said statute.

2. Moreover, the Defendants' breached a contract and their duty of good faith and fair dealing by refusing to honor a Trial Period Plan Contract agreed to by Plaintiffs' and their previous mortgage servicer, just prior to a transfer of servicing of the subject mortgage to Defendant Green Tree. Additionally, Defendant Green Tree made false and misleading statements to Plaintiffs' regarding the status of the aforementioned Trial Period Plan contract and their obligations thereunder.

3. The Plaintiffs' pray that this Honorable Court declare that the Defendants' are in violation of R.I.G.L. § 34-27-3.2, and that any foreclosure or mortgagee's foreclosure sale of the subject property is invalid, void, without force and effect. Plaintiffs' further pray that this

Honorable Court find that the Defendants' breached the Trial Period Plan contract as noted herein as well as their duty of good faith and fair dealing owed to the Plaintiffs, and that Defendant Green Tree made false and misleading statements to Plaintiffs' regarding the status of the aforementioned Trial Period Plan contract and their obligations thereunder. Moreover, the Plaintiffs' pray this Honorable Court enjoin the Defendants from taking further foreclosure action.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and Plaintiffs' are citizens of a State different from that of the Defendants.

5. Plaintiffs' further aver that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiffs' claim ownership of the latter described premises and seek to clear their title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   b. Plaintiffs' claim that only they have marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, seven (7) years of ownership of the fee interest.

   c. Plaintiffs', as mortgagors, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

   d. Plaintiffs' claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

6. Plaintiffs', Steven C. Gallant and Jennifer K. Gallant, reside at and claim to be the owners of real property located 63 Restful Valley Road, Tiverton, RI 02878 which is the subject property referenced herein.

7. Defendant Federal National Mortgage Association ("FNMA") is located at 3900 Wisconsin Avenue, NW, Washington, DC 20016. FNMA is trustee for the securitized mortgage backed trust which own Plaintiffs' note and mortgage.

8. Defendant Green Tree Servicing, LLC ("Green Tree") is a mortgage servicing company with headquarters at 1400 Turbine Drive, Rapid City, SD 57703.

## FACTS

9. Plaintiffs', Steven C. Gallant and Jennifer K. Gallant, reside at and claim to be the owners of real property located 63 Restful Valley Road, Tiverton, RI 02878 which is the subject property referenced herein.

10. On June 18, 2007, Plaintiffs' were granted the subject property. The deed evidencing the transfer of the subject property was recorded in the Town of Tiverton, Clerk's Office, Land Evidence, Records in Book 1147 Page 185, on June 19, 2007.

11. On June 18, 2007, Plaintiffs' executed a mortgage and note to American Brokers Conduit as Lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for Lender, in the amount of Two Hundred Sixty Three Thousand and 00/100 ($263,000.00) Dollars. Said mortgage was recorded in the Town of Tiverton, Clerk's Office, Land Evidence, Records in Book 1147 Page 187, on June 19, 2007.

12. On April 15, 2001, MERS purportedly assigned the subject mortgage to FNMA c/o BAC Home Loans Servicing, LP (a wholly owned subsidiary of Bank of America, N.A.). Said

purported "Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of Tiverton in Book 1375 Page 202, on December 13, 2011.

13.     On or about July 1, 2013 the servicing of the subject mortgage was transferred to Everbank.

14.     On or about July 10, 2013, the Plaintiffs' sent a Request for Mortgage Assistance to Everbank, which included verification of income, assets, tax returns, IRS Form 4506T, and a statement attesting to their hardship.

15.     On August 26, 2013, Bank of America, N.A. purportedly assigned the subject mortgage to Everbank. Said purported "Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of Tiverton in Book 1473 Page 42, on September 19, 2013.

16.     On March 12, 2014, Everhome Mortgage ("Everhome"), a division of Everbank, approved Plaintiffs' for the U.S. Treasury Department's Making Home Affordable ("MHA") Home Affordable Modification Program ("HAMP") Trial Period Plan.  Everhome Mortgage sent Plaintiffs a Trial Plan Contract with an effective date of April 1, 2014. The Trial Plan contract outlined a required payment schedule of April 1, 2014, May 1, 2014, and June 1, 2014 with payments of $2,321.01 due on each of those dates. (Exhibit 1).

17.     Plaintiffs' allege that they made the payments to Everhome which were due on April 1, 2014, May 1, 2014, on time and as agreed in said Trial Plan contract.

18.     On May 7, 2014 Everhome sent Plaintiffs' a letter explaining to Plaintiffs' that the servicing of their mortgage had bee transferred and that the May 1, 2014 Trial Plan contract payment sent by Plaintiffs' to Everhome had been forwarded by Everhome to the new servicer of the subject mortgage. (Exhibit 2).

19. On May 15, 2014, Green Tree sent a notice to Plaintiffs that the servicing of the subject mortgage had been transferred by Everhome to Green Tree, effective May 1, 2014. (Exhibit 3).

20. On May 20, 2014, Green Tree sent a monthly billing statement to Plaintiffs' which did not reflect the April 2014 and May 2014 Trial Plan contract payments Plaintiffs' had made to Everhome. Additionally, the payment amount due for each monthly also did not reflect the payments agreed to in the Trial Plan contract. (Exhibit 4).

21. On or about May 26, 2014, Plaintiffs' called Green Tree in an attempt to correct the discrepancies they had found in the mortgage statement from Green Tree so that the mortgage statement would reflect the terms as agreed to in said Trial Plan contract. Plaintiffs' spoke with a Green Tree representative identified as Robert N. at telephone extension 23146. Robert N. told Plaintiffs' that they were not parties to a Trial Plan contract, refused to accept the June 2014 Trial Plan contract payment, and stated that Plaintiffs' would be required to pay the entire past due balance or the mortgage would be referred to foreclosure.

22. Plaintiffs' allege that the statement made by Green Tree representative Robert N. that Plaintiffs' were not parties to a Trial Plan contract was false and misleading. Plaintiffs' further alleges that Green Tree representative Robert N. knew of the falsity of that statement.

23. Plaintiffs' allege the false statement, deceit, and willful concealment of facts material to the transaction at hand, which Green Tree and their employees had a duty to disclose, were made with knowledge of their falsity, and with the intent to purposefully mislead Plaintiffs' into relying on that statement and willful concealments so as to foreclose their mortgage and deny Plaintiffs' their rights pursuant to said Trial Plan contract.

24. Plaintiffs' allege that their reliance was justifiable as Green Tree is the servicer of their mortgage loan and Plaintiffs' relied that as such, Green Tree and their employees would only be

dealing with them fairly and in good faith, and it is reasonable for Plaintiffs' to have relied same. Plaintiffs' further allege that any other person of similar intelligence, education, and experience would have relied same on the aforementioned alleged false statement.

25. Green Tree's deception, willful concealment, and false and misleading statement directly caused the now imminent foreclosure of Plaintiffs' mortgage, which was reasonably foreseeable.

26. As the direct result of Green Tree's willful concealment of facts material to the transaction at hand, unfair acts, and false statements, Plaintiffs' suffered general damages such as threatened foreclosure and loss of property interest, negative impact to credit rating, and extreme mental and emotional distress.

27. As the direct result of Green Tree's willful concealment of facts material to the transaction at hand, unfair acts, and false statements, Plaintiffs' suffered quantifiable damages such as legal costs associated with defense of foreclosure. Further, Green Tree's misconduct was willful and knowing

28. On June 20, 2014, Everbank purportedly assigned the subject mortgage to FNMA. Said purported "Assignment of Mortgage" was recorded in the Land Evidence Records of the Town of Tiverton in Book 1501 Page 223, on July 10, 2014.

29. On or about December 3, 2014, FNMA, through servicer Green Tree, caused to be sent to Plaintiffs' a Notice of Mortgagee' Foreclosure Sale, stating a sale date of January 27, 2014. Plaintiffs' herein allege said Notice is in violation of R.I.G.L. § 34-27-3.2 in that it failed to provide Plaintiffs' proper notice of their rights pursuant to said statute.

30. Due to Green Tree and FNMA's breach of contract and breach of duty of good faith and fair dealing, the Plaintiffs' are now threatened with imminent and wrongful foreclosure and mortgagee's foreclosure sale of their rightful property and home.

31. The Plaintiffs' pray that this Honorable Court declare that the Defendants' are in violation of R.I.G.L. § 34-27-3.2, and that any foreclosure or mortgagee's foreclosure sale of the subject property is invalid, void, without force and effect.

32. Plaintiffs' further pray that this Honorable Court find that the Defendants' breached the Trial Plan contract as noted herein as well as their duty of good faith and fair dealing owed to the Plaintiffs, and that Defendant Green Tree made false and misleading statements to Plaintiffs' regarding the status of the aforementioned Trial Period Plan contract and their obligations thereunder.

33. Moreover, the Plaintiffs' pray this Honorable Court enjoin the Defendants from taking further foreclosure action.

## COUNT I
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

34. The Plaintiffs' hereby reincorporate paragraphs 1 – 33 as if they were fully articulated herein.

35. Defendant Green Tree has breached the Trial Plan Contract entered into by Plaintiffs' and their former mortgage servicer Everhome by refusing to honor said contract and by refusing to accept from Plaintiffs' the monthly scheduled payments due thereunder.

36. Defendants Green Tree and FNMA are proceeding with a non-judicial foreclosure in violation of R.I.G.L. § 34-27-3.2 by failing to provide Plaintiffs' proper notice of their rights pursuant to said statute.

37. Defendants Green Tree and FNMA breached their duty of good faith and fair dealing by failing to provide Plaintiffs' proper notice of their rights pursuant to said statute.

38.     Defendant Green Tree has made false and misleading statements regarding Plaintiffs' eligibility for loss mitigation options, the existence of the Trial Plan Contract noted herein, and by refusing to accept from Plaintiffs' the monthly scheduled payments due thereunder.

39.     Plaintiffs' are being irreparably harmed by the actions of the Defendants.

40.     Plaintiffs' have no other remedy at law but to seek the relief requested herein.

41.     The Equities of the matter favor the Plaintiffs'.

42.     Public Policy matters favor the Plaintiffs'.

**WHEREFORE**, Plaintiffs' pray for the following relief:

    a. Determine that the Defendants' are proceeding with a non-judicial foreclosure in violation of R.I.G.L. § 34-27-3.2;

    b. Determine that any mortgagee's foreclosure sale conducted by the Defendants' is void and without force and effect;

    c. Determine that the Defendants' have breached their duty of good faith and fair dealing they owed to the Plaintiffs';

    d. Determine that Defendant Green Tree has breached the Trial Plan Contract entered into between Plaintiffs' and their former mortgage servicer;

    e. Determine that Defendant Green Tree has made false and misleading statements to the Plaintiffs' and committed common law fraud;

    f. Grant a permanent or final injunction enjoining the Defendants', hteir agents and employees, affiliates and subsidiaries, from continuing to harm Plaintiffs', including, but not limited to, a stay of foreclosure and or eviction;

    g. Award the Plaintiffs' compensatory damages against the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

    h. Award legal fees and costs;

    i. Award punitive damages;

    j. Award such other relief as this Court deems just and proper.

**COUNT II**
**BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE**

43. Plaintiffs' repeat and incorporate paragraphs 1 - 42 above as if fully articulated herein.

44. As the entities responsible for exercising the statutory power of sale, the Defendants', owed the Plaintiffs' a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

45. By proceeding with a non-judicial foreclosure in violation of R.I.G.L. § 34-27-3.2 by failing to provide Plaintiffs' proper notice of their rights pursuant to said statute, the Defendants' violated this duty.

46. By proceeding with a non-judicial foreclosure, when refusing to honor the Trial Plan Contract noted herein, and by refusing to accept from Plaintiffs' the monthly scheduled payments due thereunder, Defendant Green Tree violated this duty.

47. The Plaintiffs' were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out his mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their account.

48. Plaintiffs' suffered severe and extreme emotional and mental distress as the direct result of the Defendants' actions.

49. The Plaintiffs' are entitled to a declaratory judgment determining that the attempted and/or completed foreclosure sale of their property is void.

50. The Plaintiffs' are entitled to an injunction preventing the foreclosure sale of their property or any eviction action taken by the Defendants.

51. The Plaintiffs' are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

## COUNT III
## VIOLATION OF R.I. GEN. LAW § 34-27-3.2

52. The Plaintiffs' hereby reincorporate paragraphs 1 – 51 as if they were fully articulated herein.

53. Defendant instituted a non-judicial foreclosure and scheduled a mortgagee's foreclosure sale of Plaintiffs' subject property without providing notice to Plaintiffs' of their rights pursuant to R.I.G.L. § 34-27-3.

54. Pursuant to R.I.G.L. § 34-27-3.2(m), failure of the mortgagee to comply with the requirements of R.I.G.L. § 34-27-3.2 shall render any foreclosure void.

55. Plaintiffs' are being irreparably harmed by the actions of the Defendants.

56. Plaintiffs' have no other remedy at law but to seek the relief requested herein.

57. The Equities of the matter favor the Plaintiffs'.

58. Public Policy matters favor the Plaintiffs'.

**WHEREFORE**, Plaintiffs' pray for the following relief:

k. Determine that the Defendants' instituted a non-judicial foreclosure and scheduled a mortgagee's foreclosure sale of Plaintiffs' subject property without providing notice to Plaintiffs' of their rights pursuant to R.I.G.L. § 34-27-3;

l. Declare any attempted or completed foreclosure by the Defendants' of the mortgage in violation of R.I.G.L. § 34-27-3, void, and without force and effect;

    m. Enjoin the Defendants' from proceeding with foreclosure until such time as they comply with the provisions of R.I.G.L. § 34-27-3.2;

    n. Award the Plaintiffs' compensatory damages against the Defendant for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

    o. Award legal fees and costs;

    p. Award punitive damages;

    q. Award such other relief as this Court deems just and proper.

## COUNT IV
## COMMON LAW FRAUD

59. Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

60. Plaintiffs' allege that the imminent foreclosure of their home is the direct result of the Defendant Green Tree's fraudulent misstatements as noted herein.

61. Plaintiffs' supplied information to Green Tree that was truthful to the best of their knowledge.

62. Plaintiffs' allege that the statements made by Green Tree and their representatives that they were not party to a Trial Plan Contract, that the Trail Plan Contract did not exist, and that Plaintiffs' would have to pay the entire past due balance or suffer the foreclosure of their mortgage, were false and misleading. Plaintiffs' further allege that Green Tree and their representatives knew of the falsity of those statements.

63. Plaintiffs' allege that those false statements, deceit, and willful concealment of facts material to the transaction at hand, which Green Tree and their employees had a duty to disclose, were made with knowledge of their falsity, and with the intent to purposefully mislead Plaintiffs' into relying on those statements and willful concealments.

64. Plaintiffs' allege that their reliance was justifiable as Green Tree was the servicer of their mortgage loan and Plaintiffs' relied that as such, Green Tree and their employees would only be

11

dealing with them fairly and in good faith, and it is reasonable for Plaintiffs' to have relied same. Plaintiffs' further allege that any other persons of similar intelligence, education, and experience would have relied same on the aforementioned alleged false statements.

65. Green Tree's deception, willful concealment, and false and misleading statements directly caused Plaintiffs' damages as noted above, which was reasonably foreseeable.

66. As the direct result of Green Tree's willful concealment of facts material to the transaction at hand, unfair acts, and false statements, Plaintiffs' suffered general damages such as threatened foreclosure and loss of property interest, negative impact to credit rating, and extreme mental and emotional distress.

67. As the direct result of Green Tree's willful concealment of facts material to the transaction at hand, unfair acts, and false statements, Plaintiffs' suffered quantifiable damages such as legal costs associated with defense of foreclosure. Further, Green Tree's misconduct was willful and knowing.

68. Defendant Green Tree has committed fraudulent acts, including, without limitation;

    a. that their conduct was unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer lending business;

    b. that their conduct violated existing statutes, rules, regulations or laws meant for the protection of the public's health, safety or welfare;

    c. that they made deceptive representations or failed to disclose relevant information as to its intentions regarding its administration of loss mitigation options and programs, and their obligations to honor the Trial Plan Contract entered into between Plaintiffs' and their former servicer;

        d.    that they made false or misleading representations; and

69. Plaintiffs' have been injured and suffered damages, as noted herein, as a direct result of Green Tree's misrepresentations.

70. Plaintiffs' have suffered the harms as alleged herein as a direct result of Green Tree's deceptive and misleading statements.

71. Green Tree's conduct as described in this complaint was and is willful or knowing.

72. As a direct result of these fraudulent misrepresentations, Green Tree caused Plaintiffs' harm, as alleged herein.  21st mortgage Corporation's bad faith was thus to Plaintiffs' detriment.

73. Green Tree's conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

74. As a result of Green Tree's conduct, Plaintiffs' have suffered ascertainable damages and ascertainable losses including:

        a.    wrongful foreclosure;

        b.    otherwise avoidable potential loss of home to foreclosure;

        c.    increased fees and other costs to avoid or attempt to avoid foreclosure;

        d.    loss of opportunities to fairly pursue loss mitigation strategies;

        e.    significant stress and emotional distress.

75. Plaintiffs' are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT V
**VIOLATION OF R.I GEN. LAWS § 6-13 - CONSUMER PROTECTION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES LAWS**

76. Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

77. Defendant Green Tree's conduct as set forth herein constitutes trade - the offering, advertising and sale of goods and services.

78. Green Tree's conduct as set forth herein occurred in the course of trade or commerce.

79. Green Tree's conduct as set forth herein affects the public interest and is part of a generalized course of conduct affecting numerous consumers, including Plaintiffs'.

80. Plaintiffs' are consumers.

81. Plaintiffs' sought to obtain Green Tree's goods and services primarily for personal, family or household use.

82. Green Tree made false, deceptive and misleading statements and omissions about material aspects of the goods and services as described herein.

83. Green Tree made these statements and omissions knowingly and willfully and with the intent that Plaintiffs' would rely on them in order to fraudulently foreclose the subject matter mortgage.

84. Green Tree's conduct was likely to induce reliance and to create confusion and misunderstanding.

85. Plaintiffs' did rely on Green Tree's statements and omissions.

86. Green Tree's conduct as set forth herein is deceptive, unfair and unconscionable, in violation of R.I. Gen. Laws § 6-13.1-2.

87. Green Tree's conduct as set forth herein is not required, permitted or authorized by any state or federal law.

88. Green Tree's conduct as set forth herein violates established public policy, and the harms caused to Plaintiffs' as consumers greatly outweighs any benefits associated with that conduct.

89. As a result of Green Tree's conduct, Plaintiffs' suffered ascertainable damages and ascertainable losses including:

    a. wrongful foreclosure;

    b. otherwise avoidable potential loss of home to foreclosure;

    c. increased fees and other costs to avoid or attempt to avoid foreclosure;

    d. loss of opportunities to pursue other refinancing or loss mitigation strategies;

    e. significant stress and emotional distress;

    f. accrued interest and increased principal balances; and

    g. less favorable potential modification terms.

90. Plaintiffs' are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT VI
## BREACH OF CONTRACT AND BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING
## FOR VIOLATIONS OF LAW ARISING FROM TRIAL PLAN CONTRACT

91. Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

92. As described above, the Trial Plan Contract sent by Everhome to the Plaintiffs' constitutes a valid offer.

93. By executing the Trial Plan Contract and returning it to Everhome along with the supporting documentation, Plaintiffs' accepted Everhome's offer.

94. Alternatively, Plaintiffs' return of the Trial Plan Contract constitutes an offer. Acceptance of that offer occurred when Everhome accepted Plaintiffs' Trial Plan Contract payments.

95. The Trial Plan Contract was supported by consideration. First, Plaintiffs' Trial Plan Contract payments to Everhome constitute consideration. By making those payments – in an amount and manner different from their previous payments – Plaintiffs' gave up the ability to pursue other means of saving their home. Further, the Trial Plan Contract t required Plaintiffs' to undertake several duties that they are not otherwise obligated to undertake. The Trial Plan Contract required Plaintiffs' to submit financial documentation that they were not otherwise required to provide, and to make legally binding representations about their personal circumstances. These actions constitute both a detriment to the Plaintiffs' and a benefit to Everhome.

96. Plaintiffs' and Everhome thereby formed a valid contract.

97. To the extent that the contract was subject to a condition subsequent by providing Everhome an opportunity to review the documentation submitted by Plaintiffs' when they returned the signed Trial Plan Contract, to determine its sufficiency, this condition was waived by Everhome in that it failed to timely raise it and/or it is estopped to assert it as a defense to Plaintiffs' claims.

98. By refusing to accept the third and final payment due pursuant to the Trial Plan Contract and failing to offer Plaintiffs a timely permanent HAMP modification, Green Tree breached the contract.

99. Plaintiffs' remain ready, willing and able to perform under the contract.

100. Plaintiffs' have suffered harm and are threatened with additional harm from Green Tree's breach, including but not limited to longer loan payoff time, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees

and other charges associated with delinquency and default, and increased accrued interest. Plaintiffs' injury is measured by the difference between their current circumstances and the modification they were entitled to.

101.   By making Trial Plan Contract payments during the Trial Plan, Plaintiffs' forewent other remedies that might be pursued to save their home, such as restructuring their debt under the bankruptcy code, or pursuing other strategies to deal with their default, such as selling their home. Plaintiffs' also have suffered additional harm in the form of imminent foreclosure activity against their home.

102.   Green Tree is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs' so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance. *See e.g.*, *Ide Farm & Stable, Inc. v. Cardi,* 110 R.I. 735, 739 (1972).

103.   Upon information and belief Green Tree routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

   a. Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs;

   b. Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel, and personnel implementing its modification programs;

   c. Failing to permanently modify loans and/or provide alternatives to foreclosure and using unfair means to keep Plaintiffs in trial periods of indeterminate lengths, including, without limitation, routinely demanding information it already possesses and failing to

communicate accurately or consistently with borrowers about the status of their loan modification applications;

d. Making inaccurate calculations and determinations of Plaintiffs' eligibility

for permanent modifications;

e. Encouraging and/or allowing its employees and agents to make inaccurate statements regarding Plaintiffs' eligibility for permanent loan modifications under HAMP;

f. Failing to follow through on written and implied promises;

g. Failing to follow through on contractual obligations; and

h. Failing to give permanent HAMP modifications and other foreclosure alternatives to qualified borrowers.

104. As a result of these failures to act in good faith and the absence of fair dealing, Green Tree caused Plaintiffs' harm, as alleged above. Green Tree's bad faith was thus to Plaintiffs' detriment.

## COUNT VII
## PROMISSORY ESTOPPEL, IN THE ALTERNATIVE

105. Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

106. Everhome, by way of its Trail Plan Contract, made representations to Plaintiffs that if they returned the Trail Plan Contract executed, and made their Trial Plan payments, they would receive a permanent HAMP modification.

107. Everhome's Trail Plan Contract was intended to induce Plaintiffs' to rely on it and make monthly Trial Plan payments.

108. Plaintiffs' did indeed rely on Everhome's representation, by submitting Trail Plan payments.

109. Given the language in the Trail Plan Contract, Plaintiffs' reliance was reasonable.

Plaintiffs' reliance was to their detriment. Plaintiffs' detrimental reliance is measured by the difference between their current circumstances and the terms of the modification that they were entitled to – a difference that includes the wrongful loss of a property interest should they suffer foreclosure. Such detriment includes longer loan payoff times, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest. Further, Plaintiffs' have lost the opportunity to fund other strategies to deal with their default and to avoid foreclosure.

**WHEREFOR**E, the Plaintiffs' respectfully request the following relief:

a. Enter a judgment declaring the acts and practices of Green Tree complained of herein to constitute a breach of contract and a breach of the covenant of good faith and fair dealing, as well as a declaration that Green Tree is required by the doctrine of promissory estoppel to first honor the terms of the Trial Plan Contract as noted herein above, and second to offer permanent modification to Plaintiffs' on the terms promised in said Trial Plan Contract, together with an award of monetary damages and other available relief on those claims;

b. Grant a permanent or final injunction enjoining Green Trees agents and employees, affiliates and subsidiaries, from continuing to harm Plaintiffs, including, but not limited to, a stay of foreclosure and or eviction;

c. Order specific performance of Green Tree's contractual obligations together with other relief required by contract and law;

d. Award actual, exemplary and/or statutory minimum damages;

e. Award restitution and prejudgment interest;

 f. Award punitive damages;

 g. Award Plaintiffs' the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

 h. Grant Plaintiffs' such other and further relief as this Court finds necessary and proper.

Dated: January 23, 2015

            Respectfully Submitted, Plaintiffs',,
            by their Attorney,

            /s/ Todd S. Dion
            Todd S. Dion Esq. (6852)
            1599 Smith Street
            North Providence, RI 02911
            401-649-4330 Phone
            401-649-4331 Fax
            toddsdion@msn.com